**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD GARCIA, | No. 18-15858 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00865-LJO-JLT |
| v. | |
| JOHN DOE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Richard Garcia, a New Mexico state prisoner formerly detained in

California, appeals pro se from the district court's judgment dismissing his 42

U.S.C. § 1983 action alleging constitutional claims.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We reverse and remand.

Garcia alleged in the complaint that he submitted his grievance 28 days after the event at issue, and that the prison improperly rejected his grievance as untimely.  Because it is not clear from the face of the complaint that Garcia failed to exhaust available administrative remedies, sua sponte dismissal of Garcia's action for failure to exhaust administrative remedies was improper at this early stage of the proceedings.  *See* Cal. Code Regs. tit. 15, § 3084.8(b) (prisoner "must submit the appeal within 30 calendar days of . . . [t]he occurrence of the event or the decision being appealed"); *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (sua sponte dismissal for failure to exhaust administrative remedies is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes the prisoner's failure to exhaust); *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (holding that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required").  We reverse and remand for further proceedings.

Garcia's request for the court to order production of prison surveillance

18-15858

video, set forth in the opening brief, is denied without prejudice to renewing the

request before the district court on remand.

**REVERSED and REMANDED.**